

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2005

# Abdel-Whab v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Abdel-Whab v. Secretary Homeland" (2005). *2005 Decisions.* Paper 1054.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1054

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-232                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1880
_____

USAMA SADIK ABDEL-WHAB,
                                              Appellant

v.

SECRETARY OF DEPARTMENT
OF HOMELAND SECURITY;
(BICE) BUREAU OF IMMIGRATION
& CUSTOMS ENFORCEMENT (DHS)

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-05386)
District Judge:  Honorable J. Curtis Joyner

_____

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed:  June 7, 2005)

_____

OPINION

_____

PER CURIAM

Appellant, Usama Sadik Abdel-Whab, appeals the order of the United States District Court for the Eastern District of Pennsylvania dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. In his habeas petition, Abdel-Whab sought review of the Board of Immigration Appeals ("BIA") order of removal, release from detention, adjustment of resident status and a waiver of inadmissibility under the Immigration and Naturalization Act. Because Abdel-Whab had previously filed a consolidated § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania challenging his detention and the decisions of the Immigration Judge ("IJ") and the BIA, as well as attacking the underlying convictions entered against him in the United States District Court for the Southern District of New York, see Abdel-Whab v. Ridge, et al., M.D. Pa. Civ. No. 04-cv-00787, the District Court concluded that appellant's petition constituted an abuse of the writ. The District Court dismissed the petition accordingly.[1] This timely appeal followed.

Abdel-Whab argues that the District Court erred in dismissing his petition because the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") does not apply to § 2241 petitions. Contrary to appellant's assertion, the District Court acknowledged our holding

_____

[1]In that same order, the District Court also dismissed Abdel-Whab's § 2241 petition docketed at E.D. Pa. Civ. No. 05-cv-00059, which challenged his convictions of passport fraud. Although Abdel-Whab filed a notice of appeal from that decision, see C.A. No. 05-1964, he allowed the appeal to be procedurally terminated for failure to pay the necessary appellate docket and filing fees.

2

in Zayas v. INS, 311 F.3d 247, 255 (3d Cir. 2002), that the stricter AEDPA gatekeeping provision set forth in 28 U.S.C. § 2244(b) is applicable only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and motions filed under § 2255. However, the court further noted our conclusion in Zayas that § 2241 petitions are still within the ambit of the abuse of the writ doctrine as set forth by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). We can find no fault with the abuse of the writ analysis conducted by the District Court. Moreover, after careful review of the record together with the § 2241 petition filed at M.D. Pa. Civ. No. 04-cv-00787, we agree with the District Court's conclusion that the underlying petition is nearly identical to the one dismissed on the merits (including the merits of appellant's challenges to the decisions of the IJ and BIA) by the Middle District of Pennsylvania. While Abdel-Whab asserts that he added "new constitutional violations" and "new memo [sic] of laws and arguments" to the underlying petition, see Motion for Summary Action at ¶ 3, he fails to clearly indicate just what those new claims are, or to provide any explanation as to his reasons for failing to raise such issues with the District Court in the Middle District of Pennsylvania in his first habeas petition. Having thus failed to show any cause or prejudice for this failure, or that a fundamental miscarriage of justice will occur absent review, the underlying § 2241 petition was properly dismissed as an abuse of the writ. See Zayas v. INS, 311 F.3d at 258.

Accordingly, because it clearly appears that no substantial question is presented by this appeal, see 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's judgment. Appellant's motion for summary reversal is therefore denied, as is his "Emergency Request for Humanitarian and Emergency Relief."