**Ambrose O. ESOGBUE, Appellant**

v.

**M. Frances HOLMES, Acting District Director United States Immigration and Naturalization Service.**

**No. 05–2643.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 July 14, 2005.

Decided July 29, 2005.

---

Ambrose O. Esogbue, Braithwaite, LA, pro se.

Daryl F. Bloom, Office of United States Attorney, Harrisburg, PA, for M. Frances Holmes.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Ambrose O. Esogbue appeals from an order of the United States District Court for the Middle District of Pennsylvania, which dismissed his petition brought pursuant to 28 U.S.C. § 2241. As the appeal raises no substantial question, we will summarily affirm the District Court's order.

The parties are familiar with the detailed procedural history of this case. In short, Esogbue, who is a citizen of Nigeria, was found removable due to his criminal convictions. In July of 2000, Esogbue, who was being held in detention in York, Pennsylvania, filed a habeas petition in the United States District Court for the Middle District of Pennsylvania ("Middle District"), arguing, *inter alia*, that he was eligible for relief under former section 212(c) of the Immigration and Naturalization Act. The Government moved to hold the case in abeyance pending finalization of regulations on how to handle § 212(c) claims and then physically moved Esogbue to Louisiana. In the meantime, Esogbue got an appeal reinstated with the Board of Immigration Appeals (BIA). On December 28, 2000, the Middle District administratively closed the case, subject to reopening by either party. The BIA denied Esogbue's claims, including a claim that he was eligible for § 212(c) relief, on May 5, 2003.

In November 2004, Esogbue filed a habeas petition in the United States District Court for the Eastern District of Louisiana, raising the § 212(c) claim and others. The petition was denied on March 23, 2005, and was not appealed. Esogbue then filed a motion to reopen the habeas proceeding in the Middle District, which was granted. However, the Government then informed the Middle District of the Louisiana proceeding, and the Court dismissed the petition based on 28 U.S.C. § 2244(a) as a second or successive petition.[1]

---

**1.** Esogbue timely appealed. This Court denied his motions for appointment of counsel and for a stay of removal on July 6, 2005.

**100**

Although the District Court cited 28 U.S.C. § 2244(a) to bar Esogbue's successive petition, that provision applies by its terms only to an applicant who is in detention pursuant to a judgment of a court of the United States. *See Zayas v. INS,* 311 F.3d 247, 257 (3d Cir.2002) (AEDPA does not apply to § 2241 petition brought by INS detainee). However, the pre-AEDPA doctrines concerning abusive or successive petitions still apply. *Zayas,* 311 F.3d at 257. As the Government pointed out in its opposition to Esogbue's motion for a stay of removal, Esogbue's habeas petition in the Middle District sought the same relief that had just been denied in the Eastern District of Louisiana; *i.e.,* a ruling that he was eligible for a waiver of removal under INA § 212(c). The District Court correctly stated that "a successive petition, which raises grounds identical to those raised and rejected on the merits, need not be entertained." *See e.g., Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (successive petition should be granted only in rare cases); *see also* 8 U.S.C. § 1252(d)(2) (preventing court from reviewing final order of removal if that order has been reviewed in a prior judicial proceeding). We further agree with the District Court that to the extent Esogbue attempted to raise an argument to support his claim that was not raised in Louisiana, the new argument was subject to dismissal as an abuse of the writ.

For the foregoing reasons, we will affirm.