

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2006

# Queen v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5474

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Queen v. Fed Bur Prisons" (2006). *2006 Decisions.* Paper 1145.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1145

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5474
_____

NICHOLAS J. QUEEN,
                              Appellant
vs.

FEDERAL BUREAU OF PRISONS
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02504)
District Judge: Honorable Richard P. Conaboy
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2006
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed: May 8, 2006)

_____

OPINION
_____

PER CURIAM.

        Nicholas J. Queen, a federal prisoner, appeals the order of the United States

District Court for the Middle District of Pennsylvania dismissing the habeas petition he

brought pursuant to 21 U.S.C. § 2241 as a successive petition.

        From 1998 to 2003, Queen filed two § 2241 petitions and a Rule 60(b)

motion, all of which contended that he was being illegally held in federal custody

resulting in part from the federal government's administrative error in failing to return him immediately to the custody of the state of Maryland after he was tried and convicted of federal charges in 1994. We affirmed the District Court's denial of the § 2241 petitions and the Rule 60(b) motion. See Queen v. Romine, C.A. No. 00-2786 (3d Cir. Oct. 5, 2001) (1998 § 2241 petition); Queen v. Romine, C.A. No. 02-2872 (3d Cir. Nov. 19, 2002) (Rule 60(b) motion); Queen v. Dodrill, C.A. No. 04-1212 (3d Cir. Sept. 8, 2004) (successive § 2241 petition).

The instant § 2241 petition was transferred to the Middle District of Pennsylvania from the United States District Court for the District of Columbia. Yet again, Queen seeks to be released from allegedly unlawful restraint on essentially the same grounds that he has articulated in prior unsuccessful § 2241 petitions. He claims that federal prison officials violated his constitutional rights when they "re-imprisoned" him in April 1995. He also contends that in 2003, prison officials wrongfully rejected as untimely an administrative grievance complaining about an aspect of his alleged illegal transfer to federal custody. The District Court summarily dismissed the § 2241 petition and declined to issue a certificate of appealability, holding that the habeas petition was successive because it presented claims that were raised or could have been raised in previous § 2241 petitions.[1] Queen timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and we review

---

[1] We disagree with the District Court's ruling that, under the AEDPA, Queen was required to seek prior authorization from this Court before filing a successive § 2241 petition. See Zayas v. INS, 311 F.3d 247, 252 (3d Cir. 2002).

de novo the District Court's denial of the § 2241 petition as successive. Zayas v. INS, 311 F.3d 247, 252 (3d Cir. 2002). The Appellee has filed a motion for summary affirmance and Queen has filed a Response in opposition to summary action. The matter is ready for disposition. For essentially the same reasons set forth by the District Court in its Order entered December 12, 2005, we will summarily affirm. We discern no difference between the claims raised in Queen's current § 2241 petition and those raised in prior habeas petitions. But even if the claims in Queen's § 2241 petition could be construed as "new," they are based on a factual predicate long known to Queen and thus they could have been raised in earlier habeas petitions. Because the successive habeas petition constitutes an abuse of the writ, see Zayas, 311 F.3d at 255-56, the District Court correctly dismissed the habeas petition.

Because no substantial question is presented by this appeal, we will affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. Appellee's motion for summary affirmance is granted and the Appellant's motion for summary opposition is denied.