

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-17-2006

# Razzoli v. Allenwood FCI

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1312

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Razzoli v. Allenwood FCI" (2006). *2006 Decisions.* Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1312
_____

KEVIN RAZZOLI,
Appellant

v.

FCI ALLENWOOD; U.S. PAROLE COMMISSION;
DISTRICT ATTORNEY'S OFFICE, BRONX NEW YORK;
U.S. NAVY

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil. No. 04-cv-02495)
District Judge: Honorable Edwin M. Kosik

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 28, 2006

Before:  RENDELL, AMBRO and GREENBERG, Circuit Judges.

(Filed October 17, 2006 )
_____

OPINION OF THE COURT
_____

PER CURIAM

In 1987, Razzoli was convicted of attempted murder and other offenses by a Navy

Court Martial and sentenced to 25 years of imprisonment.[1]  Pursuant to 10 U.S.C. § 858,

he was transferred to the custody of the Federal Bureau of Prisons ("BOP") to serve his

sentence.  He was paroled in 2001, but he violated the terms of his parole and it was

revoked.  He was re-paroled in September 2002, but again had his parole revoked for

using drugs.

In December 2003, Razzoli was again released on parole to a halfway house in

New York City.  He left the halfway house without permission and a warrant was issued

for his arrest, charging him with violating the terms of his parole and using drugs.  He

was arrested on the warrant in February 2004.[2]  He waived a revocation hearing,

accepting an expedited revocation of his parole, with a re-parole date of September 28,

2004.

Just before his re-parole date, Razzoli was involved in an altercation with his case

manager.  Razzoli yelled at the case manager and threatened to sue him and have his

assets frozen.  He was found guilty by a disciplinary hearing officer of interfering with a

staff member in the performance of his duties.   As a result of this misconduct, his parole

date was retarded by 60 days, making his new effective parole date November 27, 2004.

On November 8, 2004, Razzoli filed this petition for habeas corpus under 28

---

[1]It appears from Razzoli's sentencing computational data that he committed his offense on October 15, 1986.  As a result, his case is governed by the old parole law.

[2]During the time between when Razzoli first left the halfway house and when he was arrested for his parole violation, it appears that he was convicted in New York State court for a minor drug possession offense.

2

U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. In his petition, Razzoli claimed that: 1) under his expedited revocation agreement he should have been immediately placed in a halfway house and had his sentence reduced; 2) the probation officers who arrested him in February 2004 had no authority to make an arrest; 3) the Parole Commission conspired to retaliate against him for filing a previous lawsuit by revoking his parole; 4) the staff at FCI-Allenwood retaliated against him by falsifying the September 2004 misconduct for which Razzoli was disciplined; and 5) he was illegally deprived of his annual Naval clemency hearings because he was placed under the jurisdiction of the BOP. During the pendency of the case, the Parole Commission repeatedly postponed the date of Razzoli's re-parole by denying his release plans. Razzoli claimed that the repeated rejections were a pretext to prevent him from ever being released on parole.

On January 11, 2006, the District Court dismissed Razzoli's petition. Razzoli appealed. In July 2006, the Parole Commission approved one of Razzoli's release plans, and he was released on parole.[3] Because we find that Razzoli's appeal presents no substantial question, we will summarily affirm the District Court's judgment. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

Razzoli's claim that the 2004 expedited revocation agreement mandated his

---

[3] However, he once again ran afoul of the law and was arrested in Scranton, Pennsylvania, for theft of services. The Parole Commission issued a warrant for his arrest in August.

3

immediate release and a reduction in his sentence is based on an obvious forgery which he attached to the actual agreement. (See Habeas Pet. at 13.) Further, this claim has already been adjudicated by the Eastern District of New York. See Razzoli v. Zenk, No. 04-cv-1269, slip op. at 7 (E.D. N.Y. July 14, 2004). Thus, bringing the claim again at this time is barred by the doctrine of abuse of the writ. See Zayas v. I.N.S., 311 F.3d 247, 258 (3d Cir. 2002).

Razzoli asserts that his 2004 parole revocation was the result of illegal retaliation. He claims that the BOP retaliated against him for past legal actions by revoking his parole. However, he produces no evidence of any causal link between his previous lawsuits and his parole revocation. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). The legal actions that he mentions in his habeas petition occurred prior to his 2003 grant of parole and he provides no evidence to rebut the Appellees' claim that his parole was revoked solely because he disappeared from the halfway house and used drugs. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Razzoli's argument that the probation agents did not have authority to arrest him in February 2004 is also without merit. The officers clearly had authority to arrest him for violating his parole in 2004. The probation officers acted pursuant to a valid warrant and, under 28 C.F.R. § 2.46(a), have the power to enforce such a warrant. See also 18 U.S.C. § 3606 ("If there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested . . . [a]

4

probation officer may make such an arrest wherever the probationer or releasee is found"). Razzoli is unable to point to any contrary authority that would support his position.

Razzoli claims that he is entitled to annual Naval clemency hearings. But the only authority that Razzoli cites as the basis for this claim is, in fact, the authority upon which the BOP's exclusive jurisdiction over him rests. Section 858(a) of Title 10 of the United States Code states: "[p]ersons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, District of Columbia, or place in which the institution is situated." Thus, under the terms of his sentence, he is under the jurisdiction of BOP and not entitled to different treatment because he was convicted by a Navy court martial.

Finally, Razzoli's claims that his release on parole has been illegally delayed are moot. The function of habeas corpus is to provide release from illegal custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); 28 U.S.C. § 2243. Through the passage of time Razzoli has been released on parole, thereby obtaining the relief that he sought through habeas.[4] See Lane v. Williams, 455 U.S. 624, 633 (1984). Accordingly, his

---

[4]Although Razzoli appears to be incarcerated once again, this fact does not change the disposition of his habeas petition. Razzoli sought release on parole, and has been released. He is now in custody for a different reason, his 2006 parole violation, that was obviously not the subject of his 2004 habeas petition.

claims that his September 2004 discipline was illegal retaliation and that the Parole

Commission unlawfully denied his previous release plans are moot.

In short, upon consideration of the submissions in this case, we conclude that his

appeal presents us with no substantial question.  See Third Circuit L.A.R. 27.4 and I.O.P.

10.6.  Accordingly, we will summarily affirm the District Court's order.