**Joseph W. FARMER, Appellant**

v.

**Catherine C. MCVEY; Walter M. Phillips; Jeffrey Beard; William Ward; Allen Castor; Barbara Descher; Richard Kipp; Gary Lucht; Benjamin Martinez; Nicholas Muller; Sean Ryan; Michael Webster; James Thomas; Donald Vaughn; David Diguglielmo; James T. Wynder, Jr.; Michael Klopotoski.**

**672**

No. 09–2382.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) and
Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 24, 2009.

Opinion filed: Oct. 19, 2009.

Joseph W. Farmer, Dallas, PA, pro se.

John G. Knorr, III, Esq., Office of Attorney General of Pennsylvania Department of Justice, Harrisburg, PA, for Catherine C. McVey; Walter M. Phillips; Jeffrey Beard; William Ward; Allen Castor; Barbara Descher; Richard Kipp; Gary Lucht; Benjamin Martinez; Nicholas Muller; Sean Ryan; Michael Webster; James Thomas; Donald Vaughn; David Diguglielmo; James T. Wynder, Jr.; Michael Klopotoski.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Joseph W. Farmer appeals *pro se* from the District Court's order dismissing his complaint. For the following reasons, we will vacate and remand for further proceedings. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

## I.

Farmer is a Pennsylvania state prisoner who was convicted of rape and other crimes in 1982. He filed the complaint at issue here under 42 U.S.C. § 1983 against numerous Commonwealth defendants, challenging their application of the 1996 amendments to the Pennsylvania Parole Act, 61 Pa.C.S. § 331.1, *et seq.*, and "federal grant award requirements."[1] Farmer alleges that application of these provisions to him violates his due process rights and the *Ex Post Facto* Clause of the United States Constitution because they make it more difficult for him to obtain parole than did the provisions in force at the time of his conviction.

In particular, Farmer alleges a number of ways in which the provisions restrict the availability of parole for offenders classified as "violent." He contends, for example, that these provisions (1) increased the minimum prison term for violent offenders from fifty to eighty-five percent of the statutory maximum, (2) require three votes for parole instead of the two that had been required in the past, and (3) "expanded" the eligibility review period by allowing more than one year to elapse between violent offenders' eligibility reviews. Farmer alleges both that defendants (acting with "deliberate indifference") impermissibly applied these provisions at his prior parole hearings and that these provisions impermissibly restrict his eligibility for parole in the future. In his complaint, he requests monetary damages, a declaratory judgment, and an injunction "ordering the Parole Board and Prison Officials to grant me an immediate parole hearing using constitutionally proper procedures and policies[.]"

Along with his complaint, Farmer filed a motion for leave to proceed *in forma pauperis.* By memorandum and order entered April 13, 2009, 2009 WL 982638, the District Court granted that motion, screened the complaint under 28 U.S.C. § 1915(e)(2), and dismissed it as frivolous pursuant to § 1915(e)(2)(B)(i). Farmer appeals.[2]

## II.

In deeming Farmer's complaint frivolous, the District Court did not conclude that his substantive claims lack arguable merit, and we cannot say they do. To the contrary, we have held (albeit in habeas cases) that the parole amendments of which Farmer complains "changed the substantive criteria for parole in Pennsylvania and that a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an *ex post facto* claim." *Parker v. Kelchner*, 429 F.3d 58, 64 n. 5 (3d Cir.2005) (citing *Richardson v. Pa. Bd. of Prob. and Parole*, 423 F.3d 282 (3d Cir.2005)). Thus, although we express no opinion on the merits of Farmer's claims, the substance of those claims has an arguable basis in law.

---

1. Farmer has not alleged the source of these federal requirements, but he appears to be referring to the Violent Offenders Incarceration—Truth in Sentencing Act, 42 U.S.C. § 13704, *et seq.*, which imposes requirements that states must meet in order to receive federal grants for the construction and improvement of prisons. *See Porter v. Ray*, 461 F.3d 1315, 1321 (11th Cir.2006).

2. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal of the complaint as frivolous for abuse of discretion, *see Denton v. Hernandez*, 504 U.S. 25, 33–34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), but exercise plenary review over its application of law, *see Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir.1995). A complaint is "frivolous" if it lacks any arguable basis in fact or law. *See Denton*, 504 U.S. at 31, 112 S.Ct. 1728.

■ The District Court, however, determined that Farmer's claims are not cognizable under § 1983. The District Court concluded that, under *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), Farmer could bring these claims only by means of a petition for a writ of habeas corpus because they challenge the fact or duration of his confinement. The District Court further concluded that, under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Farmer could not obtain monetary damages because success on his claims would imply the invalidity of his prior parole proceedings, none of which already has been invalidated.

The District Court accurately stated the foregoing principles of law, but erred in applying them here. Farmer's complaint, properly construed, has two aspects. First, he seeks prospective injunctive relief—i.e., a new parole hearing under the procedures in place at the time of his conviction. The United States Supreme Court has held that materially indistinguishable claims may be brought under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). In that case, two state prisoners brought claims under § 1983 alleging that retroactive application of parole guidelines that affected both their eligibility and suitability for parole violated the *Ex Post Facto* Clause. Like Farmer, they sought injunctions requiring new parole hearings that comported with *ex post facto* requirements. *See id.* at 77, 125 S.Ct. 1242. The District Court concluded that they could bring their claims only by means of habeas petitions, but the Supreme Court, after summarizing its jurisprudence on this issue, held that the prisoners' claims were actionable under § 1983. *See id.* at 78–82, 125 S.Ct. 1242. Accordingly, the District Court erred in determining that this aspect of the complaint is frivolous.

■ Second, Farmer raises claims arising from his prior parole proceedings. The question of whether these claims may be brought under § 1983 is a more difficult one, but Farmer's attempt to do so cannot be characterized as frivolous on the face of his existing complaint. Generally, because Farmer does not allege that his prior parole proceedings have been invalidated, he may not raise claims arising from those proceedings under § 1983—whether seeking monetary damages or other relief—if "success on the § 1983 claim would necessarily demonstrate the invalidity of the Parole Board's decision[s]." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir.2006) (citations omitted).

Whether that is so necessarily depends on the precise nature of the challenge. We have recognized, for example, that challenges to parole hearing procedures, as opposed to their results, might be actionable under § 1983 if such challenges neither contest the fact of confinement nor seek speedier release. *See Benchoff v. Colleran*, 404 F.3d 812, 815 n. 4 (3d Cir. 2005) (collecting cases). Challenges to parole procedures are not *always* actionable under § 1983, but the nature of the challenge must be examined to determine whether success necessarily would imply the invalidity of the parole hearing's result. *See Edwards v. Balisok*, 520 U.S. 641, 646–47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

In this case, Farmer does not request release from confinement or expressly seek to overturn the results of any prior parole proceeding. Instead, he appears to challenge, at least in part, the procedures that were employed during those proceedings. His allegations, however, do not provide sufficient detail to determine whether his claims are actionable under § 1983. Farmer has not identified or provided any other details about his prior parole proceedings. And, although he makes gener-

alized allegations that those proceedings were tainted by the alleged *ex post facto* violations described above, he does not allege any specific error in connection with any specific proceeding. Thus, it is not possible to determine that success on his challenges necessarily would imply that the result of any such proceeding is invalid. Under these circumstances, the District Court should not have determined that this aspect of Farmer's complaint is frivolous. *See Denton,* 504 U.S. at 34, 112 S.Ct. 1728. *See also Roman v. Jeffes,* 904 F.2d 192, 195 n. 4 (3d Cir.1990) (explaining that dismissal under former § 1915(d) "is appropriate only when the complaint is truly frivolous and no amendment would cure the defect").

Accordingly, the judgment of the District Court will be vacated and this matter remanded for further proceedings consistent with this opinion. Because the District Court dismissed Farmer's complaint solely on the mistaken ground that it is frivolous, we express no opinion on whether it states a claim upon which relief may be granted. If the District Court, either *sua sponte* under § 1915(e)(2)(B)(ii) or on motion of a defendant, determines that it does not, it should grant Farmer leave to amend unless amendment would be inequitable or futile. *See Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir.2008).