**Joseph Peter FRANKENBERRY,**
**Appellant**

v.

**COURT OF COMMON PLEAS OF FAYETTE COUNTY, PA; Brian Coleman, Superintendent SCI Fayette.**

No. 09–4417.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6 Feb. 4, 2010.

Opinion filed: Feb. 16, 2010.

Joseph Peter Frankenberry, Fayette SCI, Labelle, PA, for Appellant.

Atty. Gen. PA, Office of Attorney General of Pennsylvania, Harrisburg, PA, for Court of Common Pleas of Fayette County, PA; Brian Coleman, Superintendent SCI Fayette.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Joseph Peter Frankenberry seeks review of a final order by the United States District Court for the Western District of Pennsylvania entered on November 6, 2009, 2009 WL 3734140. Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### I. *Background*

In 1981, after a jury trial, the Court of Common Pleas of Fayette County convicted Frankenberry of first degree murder. Frankenberry was sentenced to life imprisonment. The state courts affirmed Frankenberry's conviction on direct appeal. Frankenberry filed three petitions under Pennsylvania's Post Conviction Relief Act ("PCRA") and all were unsuccessful.

Frankenberry filed his first federal petition for a writ of habeas corpus in February 1991. The District Court denied the petition[1] and we denied his application for a certificate of probable cause. *See Frankenberry v. Morgan,* C.A. No. 92–3146 (3d Cir. August 31, 1992). In September 1996, Frankenberry filed an application pursuant to 28 U.S.C. § 2244 in this Court, seeking leave to file a second habeas corpus petition. We denied the application. *See In re: Frankenberry,* C.A. No. 96–8060 (October 3, 1996). In October 1999, Frankenberry filed a motion in the District Court entitled "Application Pursuant to *In Re Minarik* for Leave to File Second 28 U.S.C. § 2254 Petition Under

the Pre–AEDPA Law and Standards." The District Court concluded that the motion was an unauthorized attempt to file a successive habeas corpus petition and transferred it to this Court. We denied leave to file a successive petition. *See In re: Frankenberry,* C.A. No. 01–1890 (3d Cir. June 1, 2001).

Frankenberry filed the instant petition for a writ of habeas corpus, ostensibly pursuant to 28 U.S.C. § 2241, in the District Court in May 2009. The Magistrate Judge issued a detailed Report and Recommendation recommending that it be dismissed as "jurisdictionally improper and/or meritless." Frankenberry filed objections. The District Court considered the objections, adopted the Report and Recommendation, denied the petition, and, to the extent one would be necessary, declined to issue a Certificate of Appealability ("COA").

Frankenberry filed a timely *pro se* notice of appeal.

### II. *Analysis*

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's denial of the petition for a writ of habeas corpus. *See Marshall v. Hendricks,* 307 F.3d 36, 50 (3d Cir.2002). We may summarily affirm if this appeal presents no substantial question. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### A.

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted in April 1996. Because Franken-

---

1. Frankenberry raised three claims of trial court error and one claim that he was sentenced in violation of the Interstate Agreement on Detainers Act. The District Court concluded that the three trial error claims lacked merit. *See Frankenberry v. Morgan,* Docket No. 21, Report and Recommendation,

Civ. Action No. 91–0241 (W.D.Pa. Jan. 27, 1992). The District Court concluded that the Detainers Act claim was unexhausted and procedurally defaulted and Frankenberry did not establish a basis to excuse the procedural default. *Id.*

berry filed his first habeas corpus petition before AEDPA's enactment, AEDPA's restrictions on filing second or successive petitions do not apply if they would have an impermissible retroactive effect on Frankenberry's petition.[2] *See In re Minarik,* 166 F.3d 591, 600 (3d Cir.1999).

Prior to AEDPA, in order to pursue a habeas corpus claim that he did not present in his first petition, Frankenberry would have had to demonstrate either (1) cause and prejudice for the failure to raise the claim in the first habeas corpus petition; or (2) that the alleged constitutional violations probably resulted in the conviction of one who is actually innocent. *See In re Minarik,* 166 F.3d at 607. If Frankenberry's new claims would have been barred as an "abuse of the writ," then AEDPA's gatekeeping standards apply.[3] *Id.* at 608.

Frankenberry has failed to set forth his new habeas corpus claims with clarity. In his Response, he vaguely describes his claims as the same as those he raised in his first PCRA petition, which he filed in state court in 1994. *See* Response at 12 ("[W]hen petitioner stated 'restates and realleges' the issue in his first PCRA ..., [t]hen naturally it presupposes the same claim of ineffective assistance of counsel continues in the instant habeas petition.").

Frankenberry has made no effort to establish cause and prejudice for failing to raise these claims in his first habeas corpus petition and he does not argue actual innocence. We see no basis for applying these principles. Frankenberry's claims cannot survive the pre-AEDPA "abuse of the writ" standard and, accordingly, the § 2244 gatekeeping standards properly apply.

### B.

■ We next turn to the District Court's conclusion that Frankenberry's petition was an attempt to file an unauthorized second or successive petition under § 2254. Frankenberry contends that the current petition, while concededly not his first habeas corpus petition, should not be considered "second or successive." *See* Response at 6 ("[T]he instant habeas petition ... must be considered a first habeas petition.").

First, Frankenberry argues that the District Court dismissed his first habeas corpus petition as unexhausted, so it does not "count" for purposes of determining whether his subsequent petitions are successive. *See Stewart v. Martinez–Villareal,* 523 U.S. 637, 644–45, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). However, the District Court did not dismiss his first petition as unexhausted. The District Court denied the petition on the merits.[4]

**2.** With respect to Frankenberry's 1999 attempt to seek habeas corpus relief, we concluded that, under *In re Minarik,* the claims Frankenberry wished to raise would have been dismissed under the pre-AEDPA standard and there was no impermissible retroactive application of AEDPA's gatekeeping standards. *See In re Frankenberry,* C.A. No. 01–1890 (3d Cir. May 17, 2001).

**3.** Under AEDPA, Frankenberry would be required to apply to this Court to file a second or successive petition, and must make a *prima facie* showing that any claim he wishes to raise either relies upon a new, retroactively applicable rule of constitutional law or upon newly discovered evidence of actual innocence. *See* 28 U.S.C. § 2244(b)(2); *In re Olo-*

*pade,* 403 F.3d 159, 162 (3d Cir.2005). We note that, if Frankenberry had filed the instant petition as a § 2244 application in this Court, the record does not reflect that his claims would meet the § 2244 standard.

**4.** Although the District Court concluded that one claim was unexhausted, it further found that the claim was procedurally defaulted and Frankenberry did not establish a basis for excusing the procedural default. *See Frankenberry v. Morgan,* Docket No. 21, Report and Recommendation, Civ. Action No. 91–0241 (W.D.Pa. Jan. 27, 1992); *see also, e.g., Carter v. United States,* 150 F.3d 202, 205–06 (2d Cir.1998) (a denial based on a procedural default not overcome by a showing of cause

Accordingly, *Martinez–Villareal* does not apply.

Next, Frankenberry argues that, when he filed his first habeas corpus petition, he attempted to proceed under 28 U.S.C. § 2241, but the District Court "recharacterized" his petition under 28 U.S.C. § 2254 without providing prior notice pursuant to *Castro v. United States,* 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Frankenberry has failed to establish that the District Court "recharacterized" his first habeas corpus petition. The Docket Sheet from that action reflects that Frankenberry filed a document entitled "APPLICATION for Leave to Amend 28 U.S.C. § 2254 w/ petition," along with an amended petition, in April 1991. *See* Response Exhibit B–1 (Docket, Civ. Action No. 91–cv–241 (W.D.Pa.)). The District Court granted Frankenberry's motion to amend. Thus, Frankenberry himself sought relief under § 2254.

### C.

██ Frankenberry's initial submissions stated that he filed the instant petition pursuant to 28 U.S.C. § 2241 rather than § 2254. To the extent Frankenberry continues to attempt to proceed under § 2241, we agree with the District Court's conclusion that he is not entitled to do so. A state prisoner who, like Frankenberry, is challenging the validity or execution of his state court sentence must proceed under 28 U.S.C. § 2254. *See Coady v. Vaughn,* 251 F.3d 480, 484–85 (3d Cir.2001).

Frankenberry argues that he may proceed under § 2241 pursuant to *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). In *In re Dorsainvil,* we held that a motion

under 28 U.S.C. § 2255 was "inadequate or ineffective" to test the legality of a federal prisoner's detention where an intervening change in the law had decriminalized the prisoner's conduct. However, Frankenberry is not a federal prisoner and his claims do not fit within the narrow *In re Dorsainvil* exception. Frankenberry essentially claims that § 2241 should apply because his past attempts to proceed under § 2254 were unsuccessful. We have held that § 2241 does not apply merely so that a petitioner may avoid AEDPA's strict gatekeeping requirements. *See Coady,* 251 F.3d at 484–85.

### III. *Conclusion*

For all of the foregoing reasons, the District Court properly dismissed the petition as an attempt to file a second or successive habeas corpus petition under § 2254 without first obtaining the necessary authorization under § 2244.[5] *See* 28 U.S.C. §§ 2244, 2254. Having closely reviewed the record, we conclude that there is no substantial question to be presented on appeal. We will therefore summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

and prejudice constitutes an adjudication on the merits).

**5.** We will not address the District Court's alternative conclusion that Frankenberry's claims lacked merit. *See Goldblum v. Klem,*

510 F.3d 204, 217 (3d Cir.2007) (*citing Benchoff v. Colleran,* 404 F.3d 812, 816 (3d Cir. 2005)) ("Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.").