**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3752

———————

RODNEY WELLS,

Appellant

v.

BEN VARNER; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA; THE
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C.  Civil Action No. 03-CV-00727)
District Judge: Honorable Jan E. DuBois

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2010
Before: FUENTES and VANASKIE, <u>Circuit</u> <u>Judges</u>,
and DITTER,[*] <u>Senior</u> <u>District</u> <u>Judge</u>.

(Filed: August 31, 2010)

———————

OPINION OF THE COURT

———————

———————

[*] Honorable J. William Ditter, Jr., Senior District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

VANASKIE, Circuit Judge.

Underlying this protracted habeas corpus proceeding is the fundamental question

of whether there is jurisdiction to consider a collateral attack on a conviction for which

the petitioner received a suspended sentence. Because the resolution of this question is

controlled by Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557 (3d Cir. 1971), in

which we held that a habeas petitioner is not "in custody" when the sentence for the

conviction at issue was suspended, we will affirm the District Court's dismissal of the

habeas corpus petition.

## I. BACKGROUND

As the parties are familiar with the facts of this case we limit this discussion to

those facts essential to our decision. In March 1986, following a jury trial in the

Philadelphia Court of Common Pleas, Appellant Rodney Wells was convicted of third-

degree murder, aggravated assault, simple assault, criminal conspiracy, possession of an

instrument of a crime, and violation of Pennsylvania's Corrupt Organizations Act

("PCOA"), 18 Pa. Cons. Stat. Ann. § 911.[1] Wells was sentenced to a mandatory term of

---

[1] The aggravated assault and murder charges arose out of the shooting death of Noble Green and the serious wounding of William "Bud" Johnson, members of the 20th and Carpenter Street gang. Green and Johnson were shot on July 16, 1983, at 23rd and Pierce Street in Philadelphia in the late evening. The Commonwealth's theory was that Wells, Craig Murphy, and Ford Howard were the leading members of a group called "The Family," which engaged in extensive drug trafficking in Philadelphia. The Commonwealth presented evidence that "The Family" wanted to expand its base of drug selling operations into South Philadelphia, but was met with resistance from the 20th and

(continued...)

life imprisonment on the murder charge[2] and consecutive terms of 5 to 10 years for aggravated assault and conspiracy. On the PCOA conviction, however, the sentence was suspended. Wells appealed, and the convictions were affirmed by the Pennsylvania Superior Court. Commonwealth v. Wells, 579 A.2d 421 (Pa. Super. Ct. 1990). The Pennsylvania Supreme Court denied allowance of appeal on October 30, 1990. Commonwealth v. Wells, 592 A.2d 44 (Pa. 1990).

On December 3, 1996, Wells filed a pro se petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. Counsel was appointed. Wells asserted that the prosecutor had knowingly presented false testimony to the grand jury, resulting in the grand jury presentment and conviction. (SA 220.) Wells also asserted that he believed that the sealed grand jury presentment had not included a PCOA charge, and the prosecutor wrongfully pursued such a charge, thereby enabling the introduction of otherwise inadmissible evidence at trial.

The trial court dismissed the PCRA petition. As to the claim of prosecutorial misconduct in pursuing a PCOA charge, the trial court wrote:

> The presentment did include evidence that [Wells] was engaged in serial conduct involving a corrupt organization. The prosecutor acted properly in arresting him on that charge. He was convicted of that charge, but no additional sentence was imposed.

---

[1](...continued)
Carpenter Street gang, which controlled drug trafficking in that area.

[2]Appellant's life sentence on the third-degree murder conviction was mandatory because he had a prior murder conviction. See 42 Pa. Cons. Stat. Ann. § 9715.

3

(SA 284.)

Wells appealed to the Superior Court, asserting that appellate counsel was ineffective for not challenging admissibility of evidence pertaining to unrelated "killings," his conviction on the PCOA charge violated due process because the prosecution did not prove every element of the crime beyond a reasonable doubt, and the PCRA trial court improperly denied access to grand jury transcripts. Finding that the first two claims had not been presented to the PCRA court, the Superior Court concluded that they were waived. (SA 313.) The state appellate court further held that Wells's request for grand jury transcripts was properly denied. Commonwealth v. Wells, 804 A.2d 63 (Pa. Super. Ct. 2002). The Supreme Court denied allocatur on November 27, 2002. Commonwealth v. Wells, 813 A.2d 841 (Pa. 2002).

In January 2003, Wells, proceeding pro se, filed a habeas petition in the Eastern District of Pennsylvania, presenting three claims: (1) ineffective assistance of appellate counsel for failing to object to references of unrelated "killings;" (2) violation of due process based on the prosecution's alleged failure to prove each element of the PCOA offense; and (3) improper denial of his request to review the grand jury evidence.[3] The petition was referred to Magistrate Judge James R. Melinson, who recommended denial of the petition because the third claim implicated only a state law issue, and Appellant

---

[3] Appellant also filed an earlier petition for habeas corpus in the Eastern District of Pennsylvania, which the court dismissed on September 13, 1996, for failure to exhaust state remedies.

had failed to properly pursue his first two claims in state court proceedings, was now foreclosed from doing so, and had not satisfied the cause and prejudice or miscarriage of justice exceptions to the general rule that a federal court will not consider issues that a state court finds are procedurally defaulted. The District Court, adopting the recommendation, dismissed the petition and refused to issue a certificate of appealability.

Wells appealed the dismissal of his petition to this Court. Pursuant to 28 U.S.C. § 2253(c), Wells applied for a certificate of appealability on all three claims presented in his habeas petition. On March 15, 2004, we granted a certificate of appealability on the limited issue of:

> [W]hether Petitioner has demonstrated his actual innocence of the Pennsylvania Corrupt Organizations Act offense so as to overcome the procedural default of the ineffectiveness of appellate counsel and due process/corrupt organizations offense claims. Commonwealth v. Besch, 674 A.2d 655, 659 (Pa. 1996); Commonwealth v. Shaffer, 734 A.2d 840, 841 (Pa. 1999).

The order granting the limited certificate of appealability held the appeal in abeyance pending a decision in Kendrick v. District Attorney of County of Philadelphia, C.A. No. 02-3158.[4]

---

[4] In Kendrick, we certified to the Supreme Court of Pennsylvania the question of whether its holding in Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996), could be applied retroactively to cases on collateral review. Besch held that the PCOA did not encompass the prosecution of a wholly illegitimate enterprise, and that infiltration of a legitimate business by organized crime was a necessary element of the crime. In Kendrick, the Pennsylvania Supreme Court answered the certified question in the affirmative. Kendrick v. Dist. Attorney of Philadelphia County, 916 A.2d 529 (Pa. 2007).

(continued...)

5

On May 14, 2009, we issued a non-precedential per curiam opinion, remanding this action to the District Court for further proceedings. Wells v. Varner, 328 F. App'x 128 (3d Cir. 2009). Specifically, we determined that, in light of Kendrick and Besch, the record supported Wells's claim that he is actually innocent of the PCOA count, and remanded the case to the District Court to "allow Wells the opportunity to prove his actual innocence and to give the Commonwealth the 'opportunity to produce any additional evidence to refute such a claim.'" Id. at 132 (quoting United States v. Garth, 188 F.3d 99, 114 (3d Cir. 1999)) (footnote omitted). We also noted that "[i]t appears that Wells'[s] ineffective assistance of appellate counsel claim is unrelated to the PCOA conviction, and that procedural default of that claim would therefore not be excused, even if Wells establishes actual innocence of the PCOA count." Id. at 133 n.7. We did not resolve this question, however, leaving it to the District Court to make this determination in the first instance.

A petition for panel rehearing was filed by Appellees, arguing that the decision improperly relied on a different theory than that presented by Wells, conflicted with federal law, and grossly misapplied the PCOA. The panel granted rehearing on August 3, 2009, vacating the May 14, 2009 opinion and judgment. The Panel directed a member of this Court's bar be appointed as *amicus curiae* on behalf of Wells, but limited counsel's

_____

[4](...continued)
Wells argues that the Commonwealth failed to prove that he had infiltrated or corrupted an otherwise legitimate business.

6

representation to the following issues:

(1)     whether Wells is 'actually innocent' of his offense under Pennsylvania's Corrupt Organizations Act, 18 Pa. C.S. § 911, because he claims his conduct involved only wholly illegitimate businesses. . . . and

(2)     what effect, if any, would the panel's decision have on Wells's sentence.

## II.    DISCUSSION

The District Court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. When a district court dismisses a § 2254 petition "based on a review of the state court record without holding an evidentiary hearing," we apply a plenary standard of review. Fahy v. Horn, 516 F.3d 169, 179 (3d Cir. 2008). We also use the plenary standard in reviewing the District Court's determinations regarding exhaustion and procedural default. Id. We may affirm the judgment of the District Court on grounds other than those relied upon by the District Court. Szuchon v. Lehman, 273 F.3d 299, 307 (3d Cir. 2001). And, of course, a jurisdictional question in a habeas corpus proceeding may be raised by us sua sponte. See Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005); see also Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it.").

In granting rehearing, we directed the parties to discuss two separate and distinct

7

issues: first, whether Wells is "actually innocent" of the PCOA charge; and second, what effect, if any, our decision would have on Wells's sentence. The second issue arises from the fact that Wells received a suspended sentence on the PCOA conviction, the only conviction implicated by the issue on which we granted a certificate of appealability. Addressing the issues we identified, *amicus* contends that the matter should be remanded for the District Court to determine whether Wells is actually innocent of the PCOA charge, but acknowledges that the consequences of a decision in Wells's favor are uncertain. There is no need to speculate as to the effect of a decision in Wells's favor on remand, as it is clear that Appellant is not "in custody" pursuant to the challenged PCOA conviction, a fact that precludes further consideration of Wells's innocence *vel non* on the PCOA charge.

Congress has limited the availability of federal court review of state court convictions to those who are "in custody" pursuant to a state court judgment. See 28 U.S.C. § 2254(a). "The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed. This is required not only by the repeated references in the statute, but also by the history of the great writ." Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (footnotes omitted). As Justice Brennan observed in Fay v. Noia, 372 U.S. 391 (1963), "[t]he jurisdictional prerequisite is not the judgment of a state court but detention *simpliciter*." Id. at 430 (emphasis added).

In Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557 (3d Cir. 1971), we

8

addressed the question of whether a person may mount a federal habeas corpus challenge to a conviction for which he received a suspended sentence under circumstances remarkably similar to those presented here. In Dessus, the Appellant was convicted in state court on nine separate indictments emanating from the brutal beating and rape of three women. One of the women, Mrs. Alexandroff, sustained mortal injuries, dying nineteen days after the attack. The state court imposed custodial sentences on four of the indictments, including a life sentence for the murder. "Sentence was suspended on the remaining five indictments upon which appellant was convicted, including that for the rape of Mrs. Alexandroff." Id. at 559. Dessus collaterally attacked all his convictions with the exception of the murder conviction. He advanced three theories in support of relief, including a claim that the testimony of a priest concerning Mrs. Alexandroff's identification of Dessus was improperly admitted in violation of his Sixth Amendment confrontation right. His challenge to the priest's testimony implicated only the rape conviction, for which he received a suspended sentence.

Recognizing that the state court could not vacate the suspended sentence and impose a term of imprisonment on the rape conviction, id. at 560 n.4, we found that the appellant failed to satisfy the "custody" prerequisite to federal habeas corpus review. Because "custody is the passport to federal habeas corpus jurisdiction," id. at 560, and Dessus's suspended sentence meant that he was neither in custody as a consequence of the rape conviction, nor was there the possibility of custody resulting therefrom, we

9

determined that we could not address his confrontation clause claim. Acknowledging that the "in custody" jurisdictional concept had been expanded to encompass those whose liberty was restrained by terms of parole, e.g., Jones v. Cunningham, 371 U.S. 236 (1963); or who were in custody on one conviction and sought to challenge a conviction for which a consecutive sentence had yet to commence, e.g., Peyton v. Rowe, 391 U.S. 54 (1968); or who collaterally challenged the conviction while still in custody but were subsequently released and subjected to "'disabilities and burdens'" emanating from the assailed conviction, e.g., Carafas, 391 U.S. at 237, we found that a petitioner challenging a conviction for which a suspended sentence was imposed lacked the requisite "'substantial stake in the [attacked] judgment'" because "[a] ruling in petitioner's favor could afford him no direct relief from his present detention, nor indirectly in terms of his ultimate release date."[5] 452 F.2d at 561.

Dessus is controlling here. As in Dessus, Wells is challenging a conviction on a count for which the sentence was suspended. As in Dessus, Appellant is not detained pursuant to the conviction he is challenging, nor is there a possibility of detention as a consequence of the PCOA conviction. As in Dessus, "[a] ruling in petitioner's favor

_____

[5] While the Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas," the Court has "never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." Maleng v. Cook, 490 U.S. 488, 492 (1989). In Maleng, the Court held that a habeas petitioner is not "in custody" under a conviction following expiration of the sentence imposed for it simply because the assailed conviction may be used to enhance a sentence imposed on a future conviction. Id. at 492.

10

could afford him no direct relief from his present detention, nor indirectly in terms of his ultimate release date." See id. Accordingly, the "in custody" prerequisite is not met in the instant petition and this court is "without jurisdiction to review a petition for habeas corpus where petitioner was given a non-custodial sentence." See id.

## III. CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over Appellant's challenge to the validity of the PCOA conviction. Because our certificate of appealability was limited to the PCOA conviction, we will not address the District Court's finding that Wells procedurally defaulted his ineffective assistance of appellate counsel claim, which concerned the murder, aggravated assault, and conspiracy charges, but not the PCOA charge. Accordingly, the District Court's dismissal of Appellant's habeas corpus petition will be affirmed.