**ALD-285**                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3150
_____

IN RE: JAMES ANDERSON,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Civ. No. 97-cv-05690)

_____

Submitted Pursuant to Fed. R. App. Pro. 21
September 8, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed September 29, 2011)
_____

OPINION
_____

PER CURIAM

    Petitioner James Anderson, a/k/a James J. Hendel, pleaded guilty to aggravated

assault and unlawful restraint in the Philadelphia Court of Common Pleas.  On July 8,

1993, he was sentenced to a term of imprisonment of 5-17 years, to be followed by four

years of probation.  Recently, Anderson filed an application in this Court, one of many,

for authorization to file a second or successive habeas corpus petition under 28 U.S.C.

§ 2254.[1]  In response, our Clerk issued an Order directing him to provide us with copies

_____

[1] On September 11, 1997, Anderson filed a petition for writ of habeas corpus, 28 U.S.C.
§ 2254, in the United States District Court for the Eastern District of Pennsylvania.  The

of his prior section 2254 habeas corpus petition, the Magistrate Judge's Report and Recommendation, and the District Court's Memorandum and Order in D.C. Civ. No. 97-cv-05690. In the meantime, Anderson filed a motion in this Court to be exempt from the filing requirements of Third Cir. LAR 22.5. He also filed a document in support of that motion, in which he documented that he had submitted a separate motion in D.C. Civ. No. 97-cv-05690, in which he asked the District Court to provide him with the necessary copies at public expense.

On April 27, 2011, we issued an Order on Anderson's application, granting his motion to be exempt from the filing requirements of Third Cir. LAR 22.5, denying his application to file another section 2254 petition challenging his 1993 sentence, and advising him that he did not need authorization from us to challenge his new sentence of 2-4 years' imprisonment on the probation violation,[2] as follows:

> The foregoing motion to be exempt from the filing requirements of Third Cir LAR 22.5 is granted, and petitioner's application shall be deemed complete as of this date. Petitioner's application pursuant to 28 U.S.C. § 2244 to file a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2254, to the extent he seeks to challenge his convictions for aggravated assault and unlawful restraint, is denied. His claims do not rely

---

District Court dismissed the petition, Anderson appealed, and we denied his application for a certificate of appealability in C.A. No. 98-1753 on November 26, 1999. In June, 2003, Anderson filed a second habeas corpus petition. It was transferred to this Court to be treated as an application to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b), and we denied the application (C.A. No. 04-1527). In 2005, Anderson filed another request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 05-2085). In 2007, Anderson filed another request for permission to file a second or successive habeas corpus petition. We denied the application (C.A. No. 07-1099).

[2] Anderson was paroled on November 6, 2009. He was re-arrested and then adjudicated guilty of a probation violation on March 16, 2010. He was sentenced on the probation violation to a new term of imprisonment of 2-4 years, to be followed by one year of probation.

"on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or newly discovered evidence which "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A) & (B). To the extent petitioner is seeking to challenge the March, 2010 probation violation adjudication and new sentence of 2-4 years' imprisonment, the application is denied as unnecessary. A habeas corpus petition is only abusive and successive where it raises a claim that could have been presented in the earlier habeas corpus petition. See Benchoff v. Colleran, 404 F.3d 812, 816-17 (3d Cir. 2005). Any claims raised by petitioner directly challenging the March, 2010 probation violation adjudication and new sentence could not have been raised in his 1997 habeas corpus petition. Thus, any first habeas corpus petition he seeks to file challenging only the March, 2010 probation violation adjudication and new sentence is not "second or successive" within the meaning of 28 U.S.C. § 2244(b) and does not require prior authorization from a court of appeals. See id. at 818-19.

Order of Court, In re: Anderson, C.A. No. 11-1730.

Anderson has now filed this petition for writ of mandamus pursuant to 28 U.S.C. § 1651, in which he asserts that he was unable to provide a copy of his prior section 2254 petition, because the District Court denied his motion requesting a copy. (Petition, at 2.) He argues that the District Court constructively interfered with his efforts to comply with our Clerk's Order, requiring him to submit his prior habeas corpus petition. Attached to the mandamus petition is a copy of the District Court's Order, filed on June 16, 2011, granting Anderson's motion for copies, at no expense to him, of the Report and Recommendation (Docket No. 25) and the District Court's Memorandum and Order (Docket No. 38), but omitting any reference to the section 2254 petition. Anderson asks that we order the District Court to supply him with a copy of the section 2254 petition.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in

3

aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Anderson's request for mandamus relief is frivolous. As our Order made clear, we no longer require the records requested by Anderson. In our April 14, 2011 Order, we granted his motion to be exempt from the filing requirements of Third Circuit Local Appellate Rule 22.5, and ordered that his application be deemed complete. His application to file a second or successive habeas corpus petition with respect to his original 1993 sentence was denied on the merits (as it has been numerous times in the past), and not because it was deemed incomplete.

For the foregoing reasons, we will deny the petition for writ of mandamus.