**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2514
_____

AARON J. BRESSI,
                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA PAROLE BOARD;
MS. LEIGEY, Pre-Parole SCI- Rockview; MS. LINDA ROSENBERG,
Board Member; MR. GABRNAY, Hearing Examiner
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:23-cv-00440)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: January 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Aaron J. Bressi appeals pro se from an order of the District Court dismissing his complaint pursuant to 28 U.S.C. § 1915A(b)(1). For the following reasons, we will affirm.

In March 2023, Bressi, who is currently serving an eight-year prison sentence, initiated a pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Parole Board and three state employees associated with the Board. Bressi's complaint alleged that his Fourteenth Amendment substantive due process rights were violated when he was denied parole. The District Court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Bressi thereafter filed an amended complaint and subsequently moved for the appointment of counsel and summary judgment. On August 11, 2023, the District Court entered an order dismissing the complaint with prejudice pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted and because the complaint was legally frivolous. It also denied or dismissed his other filings. Bressi appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review a district court's dismissal of a prisoner's complaint at the § 1915A screening stage under a plenary standard." Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023).

In his brief, Bressi argues that the District Court erred by dismissing his case before the defendants were served. Bressi is incorrect. The District Court screened the complaint pursuant to the screening mechanism for pro se prisoner complaints found in § 1915A and sua sponte dismissed it for failure to state a claim upon which relief may be

2

granted. Section 1915A requires courts to screen prisoner complaints for possible dismissal "before docketing, if feasible or, in any event, as soon as practicable after docketing." 1915A(a). This statute, therefore, authorizes pre-service screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. The statute further mandates dismissal of a complaint at screening if it fails to state a claim. § 1915A(b)(1).

We discern no error in the District Court's dismissal of Bressi's amended complaint. In his amended complaint, Bressi alleged that his substantive due process rights were violated because he was denied parole on "constitutionally impermissible grounds," including race or retaliation for exercising his constitutional rights. Dkt No. 26, at 4. He further alleged that he was "way past [his] max sentence date, due to multiple legal documents tampered by the state." Id.[1]

The District Court correctly concluded that Bressi's allegation that the Parole Board denied him parole on impermissible grounds (to the extent he made such an allegation) was merely a legal conclusion without any supporting facts and therefore should be disregarded. See James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). Further, we agree with the District Court that, after reviewing the Parole Board

---

[1] Challenges to parole denials are generally cognizable in a habeas petition. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Here, however, Bressi appears to allege that the Parole Board relied on impermissible factors in its determination and does not seek immediate release; instead, he seeks damages and for removal of all defendants from their jobs. Dkt No. 26, at 5. Regardless of the relief sought, success on his claim would result in a new hearing, not his release. Therefore, Bressi's claim was properly asserted under § 1983. See Benchoff v. Colleran, 404 F.3d 812, 815 n.4 (3d Cir. 2005).

decisions, "[n]either decision by the Parole Board was arbitrary or conscience-shocking." Dkt No. 31, at 6–7. The Parole Board's reasons for its denials included Bressi's "risk and needs assessment indicating [his] level of risk to the community"; his "prior unsatisfactory probation supervision history"; "[r]eports, evaluations and assessments/level of risk indicat[ing] [his] risk to the community"; his "minimization/denial of the nature and circumstances of the offense(s) committed"; his "refusal to accept responsibility for the offense(s) committed"; and his "lack of remorse for the offense(s) committed." Dkt No. 26-4, at 1; Dkt No. 26-7, at 1. Because the decisions were not arbitrary or conscience-shocking, they do not reflect a substantive due process violation. See Holmes v. Christie, 14 F.4th 250, 267 (3d Cir. 2021); Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010).

To the extent that Bressi alleged that he was confined past his "max sentence date," he has failed to allege any supporting facts regarding his contention that "multiple legal documents [were] tampered with by the state." Dkt No. 26, at 4. As the District Court concluded, this allegation alone is insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Finally, because the District Court previously provided Bressi the opportunity to amend, it did not err in concluding that further amendment would be futile.[2]

For these reasons, we will affirm the judgment of the District Court.

_____

[2] To the extent that Bressi argues on appeal that the District Court abused its discretion in its analysis of the Poulis factors, we reject this argument because the District Court did not dismiss the case for failure to prosecute and Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), is not otherwise implicated here.

4