BLD-105                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2361
_____

BLAINE CARVER,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
ATTORNEY GENERAL PENNSYLVANIA;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT HOUTZDALE SCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-15-cv-00026)
Magistrate Judge:  Honorable Lisa Pupo Lenihan
_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed January 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Blaine Carver, a Pennsylvania state prisoner, appeals from the District Court's denial of his habeas petition. We will affirm.

Carver alleges that, since June of 2011, the Pennsylvania Department of Corrections has deducted funds from his prison account toward payment of fines, court costs and restitution. Carver further alleges that the deductions are unlawful because, inter alia, his judgment of sentence does not contain any provision authorizing the deductions. After unsuccessfully raising this challenge in state court, Carver filed the federal habeas petition at issue here under 28 U.S.C. § 2254. The District Court, acting through a Magistrate Judge on the parties' consent, concluded that Carver's challenge is not cognizable under § 2254 and dismissed his petition. Carver appeals.

We agree that Carver's claim is not cognizable under § 2254, though we will briefly address one issue that the District Court did not discuss. The District Court construed Carver's challenge as one to the conditions of his confinement that would not alter the fact or duration of that confinement. The District Court further concluded that such challenges by state prisoners are not cognizable under § 2254 and must be brought under 42 U.S.C. § 1983 instead. We agree with that analysis as far as it goes. See Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Because Carver's challenge is based in part on his criminal judgment of sentence, however, his challenge could potentially be construed as a challenge to the execution of his sentence. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010) (reviewing a federal prisoner's claim under 28 U.S.C. § 2241 that his prison payment terms conflicted with his judgment of sentence). And state prisoners generally may challenge the

2

execution of their sentences under § 2254.  See Coady v. Vaughn, 251 F.3d 480, 485-86

(3d Cir. 2001).[1]

In this case, however, Carver's challenge ultimately is not one addressed to the

execution of his sentence.  "In order to challenge the execution of his sentence . . .,

[Carver] would need to allege that the [challenged] conduct was somehow inconsistent

with a command or recommendation in the sentencing judgment."  Cardona v. Bledsoe,

681 F.3d 533, 537 (3d Cir. 2012).  Carver's claim, however, is that the deductions from

his prison account are unauthorized because his sentencing judgment is silent on the

issue.  Thus, because "there was nothing in the judgment forbidding, or even concerning"

the deductions, Carver's challenge to the deductions is not a challenge to the execution of

---

[1]    We held in Coady that a state prisoner challenging the execution of his sentence
required a certificate of appealability ("COA") in order to appeal the denial of his habeas
petition.  See Coady, 251 F.3d at 486.  We did so because the petitioner in that case
challenged his continued detention and because a COA is required to appeal when "the
detention complained of" arises out of process issued by a state court.  Id. (quoting 28
U.S.C. § 2253(c)(1)(A)).  Carver does not challenge his detention, so there is no
"detention complained of" in this case.  Thus, it would appear that we have jurisdiction
pursuant to 28 U.S.C. § 1291 in the absence of a COA.  To the extent that a COA might
be required, however, we deny one for the reasons explained herein.

The fact that Carver does not complain of his detention raises a separate issue of
whether his challenge is cognizable under § 2254 even if it is construed as a challenge to
the execution of his sentence.  Compare Coady, 251 F.3d at 485-86 (holding that § 2254
is not limited to challenges to the validity of a sentence, though in a case in which the
petitioner sought immediate release from prison), with Benchoff v. Colleran, 404 F.3d
812, 815 n.4 (3d Cir. 2005) (expressing "some doubt" that challenge to execution of a
sentence was cognizable under § 2254 when it would not result in speedier release, but
not resolving that issue).  We need not resolve that issue in this case because, even if a
state prisoner could challenge the execution of a sentence under § 2254 in a way that
would not result in speedier release, Carver has not raised a true challenge to the
execution of his sentence as explained hereafter.

3

his sentence.  Id.; cf. Montañez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 478-79 (3d Cir.

2014) (addressing similar unauthorized-deduction claim asserted under § 1983).[2]

For these reasons, we will affirm the judgment of the District Court.  Carver's

motion to stay this appeal pending further consideration by the District Court is denied.[3]

---

[2]     Carver does not argue that the District Court should have construed his habeas
petition as a § 1983 complaint, and there was no reason for it to do so.  Carver claims to
have already fully and finally litigated this claim in state court.  It also appears that any §
1983 claim would be untimely.  Carver claims that the allegedly unauthorized deductions
began in October 2011, but he did not file his habeas petition until 2015.  See Montañez,
773 F.3d at 480 (holding that similar § 1983 claim accrued for purposes of the applicable
two-year statute of limitations when the first allegedly unauthorized deduction occurred).

[3]     After the Magistrate Judge entered judgment, Carver filed objections and sought
de novo review by a District Judge.  Carver, however, consented to the entry of judgment
by the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 17.)  For that
reason, the Magistrate Judge properly advised Carver that no action would be taken on
his objections and that his remedy is to appeal to this Court, which he has done.  See 28
U.S.C. § 636(c)(3).  Thus, there remains nothing pending in the District Court.